UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR APARICIO,

    Plaintiff,

v.                                      Case No: 2:14-cv-467-FtM-38DNF

CREATIVE GLASS PRODUCTS,
INC., a Florida corporation,

    Defendant.
_____/

## ORDER[1]

This matter is before the Court on Defendant Creative Glass Products, Inc.'s Motion to Dismiss (Doc. #16) filed on October 14, 2014. Plaintiff Victor Aparicio filed a Response to Defendant's Motion to Dismiss Complaint (Doc. #20) on October 24, 2014. Thus, this matter is ripe for review.

## BACKGROUND

On or about March 19, 2012, Plaintiff suffered a lower back injury while working for Defendant. (Doc. #1 at ¶¶ 11, 48). The next day, Plaintiff reported his injury to Defendant and stated he would seek worker's compensation benefits. (Doc. #1 at ¶ 12). Immediately thereafter, Defendant discharged Plaintiff. (Doc. #1 at ¶¶ 12, 51).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Sometime later, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").[2] (Doc. #1 at ¶ 25). On June 12, 2014, the EEOC issued Plaintiff a Right to Sue Letter, finding reasonable cause to believe a violation had occurred. (Doc. #1-1 at 2).

Armed with the Right to Sue Letter, Plaintiff commenced this action against Defendant on August 18, 2014. (Doc. #1). According to Plaintiff, Defendant discriminated against him based on a perceived disability in violation of the American With Disabilities Act, as recently amended ("ADA"), and the Florida Civil Rights Act of 1992 ("FCRA"). (Id. at ¶¶ 16-42). Plaintiff also asserts that Defendant violated Florida Statute § 440.205 by discharging him in retaliation for requesting worker's compensation benefits. (Id. at ¶¶ 43-56). In response, Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a dismissal of an action if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 237 (1974); Cole v. United States, 755 F.2d 873, 878 (11th Cir. 1985).

---

[2] Plaintiff also filed a charge of discrimination with the Florida Commission on Human Relations ("FCHR") after his discharge. (Doc. #1-1 at 4-5). On December 13, 2012, the FCHR found reasonable cause that Defendant committed an unlawful employment practice in violation of the Florida Civil Rights Act of 1992. (Doc. #1-1 at 4-5). A handwritten comment on the FCHR's Notice of Determination and Determination letters (Doc. #1-1 at 4-5) indicates that Plaintiff previously filed a civil action against Defendant in this Court that is indexed at "2:13-cv-00123-JES-SPC." The Court, however, dismissed Plaintiff's first case for lack of jurisdiction. (Doc. #16 at 2).

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." McElmurray v. Consol. Gov't of Augusta–Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007) (citation omitted). A facial attack on the complaint challenges jurisdiction based on the allegations in the complaint. See id. (citation omitted). Thus, a facial attack "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation omitted).

In contrast, a factual attack "challenges 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" Id. (citation omitted). In deciding a factual attack, "'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" Id. (citation omitted). In this case, Defendant raises a factual attack on the Court's subject matter jurisdiction.

## **DISCUSSION**

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA defines an "employer" as "a person engaged in an industry affecting commerce who has 15 or more

employees for each working day in each of 20 or more calendar weeks in the current of preceding calendar year . . ." 42 U.S.C. § 12111.

Defendant argues, because it has always employed fewer than fifteen employees, it is not an "employer" under the ADA; therefore, the Court should dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1). (Doc. #16 at 2; Doc. #19).[3] Defendant's argument is unavailing in light of the Supreme Court's decision in Arbaugh v. Y & H Corp., 546 U.S. 509 (2006).

In Arbaugh, plaintiff sued her former employer for sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"). After the jury rendered a verdict in plaintiff's favor, the employer moved to dismiss the case for want of federal subject-matter jurisdiction. It asserted that it was not an "employer" as Title VII defines that term because it had fewer than 15 employees on its payroll during the relevant period. Cf. 42 U.S.C. § 2000(b) (defining "employer" as "a person . . . who has fifteen or more employees"). The Supreme Court disagreed with Defendant and held that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." Arbaugh, 546 U.S. at 516.

This Court has subsequently cited Arbaugh for the proposition that the ADA's numerical employee threshold is also not a jurisdictional issue. See Powers v. Avondale Baptist Church, No. 3:06–363, 2007 WL 2310782, at *2 (M.D. Fla. Aug. 9, 2007). Specifically, the Court stated, "[w]hile Title VII and ADA have numerical employee

---

[3] Defendant filed the affidavits of Lance M. Carney and Beverly Carney, Defendant's president and manager, respectively, as evidence that it has never employed more than seven (7) employees in a calendar year. (Doc. #19).

4

thresholds, these thresholds are not [sic] properly considered in a Rule 12(b)(1) motion challenging the Court's jurisdiction." Id. at *2 (citations omitted).

Based on the foregoing case law, the numerical threshold enumerated in the ADA's definition of "employer" is not a prerequisite to subject matter jurisdiction. See Arbaugh, 546 U.S. at 516; Powers, 2007 WL 2310782, at *2. Rather, it "delineates a substantive ingredient of a Title VII claim for relief." Arbaugh, 546 U.S. at 503, 515-16; see also EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 623-24 (D.C. Cir. 1997) ("If the School and the Church are not covered under the ADA, this fact does not precluded the district court form asserting jurisdiction—although of course it would be fatal to the EEOC's claim on the merits."). Therefore, at this stage of the litigation, the Court rejects Defendant's challenge to the Court's subject matter jurisdiction based on the ADA's numerical employee threshold.

Accordingly, it is now

**ORDERED:**

Defendant Creative Glass Products, Inc.'s Motion to Dismiss (Doc. #16) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of November, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies To: All parties of record