UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR APARICIO,

        Plaintiff,

v.                            Case No:   2:14-cv-467-FtM-38DNF

CREATIVE GLASS PRODUCTS,
INC., a Florida Corporation.

        Defendant.

_____/

**ORDER**[1]

    This matter is before the Court on Defendant Creative Glass Products, Inc.'s Motion for Summary Judgment (Doc. #28) filed on December 8, 2014.  Plaintiff Victor Aparicio filed an Opposition to Motion for Summary Judgment (Doc. #33) on December 30, 2014.  The Court held a Preliminary Pretrial Conference on January 12, 2015, at which time the parties argued the Motion for Summary Judgment.  Thus, this matter is ripe for review.

**BACKGROUND**

    This case arises from Plaintiff's former employment with Defendant.  On March 19, 2012, Plaintiff suffered a workplace injury.  (Doc. #1 at ¶ 11).  The next day, he reported

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

his injury to Defendant and stated that he would pursue worker's compensation benefits. (Id.at ¶ 12).  Defendant discharged Plaintiff that same day.  (Id.).

Sometime later, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").  On June 12, 2014, the EEOC issued Plaintiff a Right to Sue Letter, finding reasonable cause to believe a violation had occurred.  (Doc. #1-1).

Plaintiff commenced this three-count action against Defendant on August 18, 2014.  In Counts I and II, he alleges Defendant discriminated against him based on a perceived disability in violation of the Americans With Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA").  (Doc. #1 at ¶¶ 15-42).  In Count III, Plaintiff asserts Defendant violated Florida Statute § 440.205 by discharging him in retaliation for pursuing worker's compensation benefits.  (Id. at ¶ 43-56).

On October 14, 2014, Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction.  (Doc. #16).  Defendant argued it was not an "employer" under the ADA and FCRA because it has always employed fewer than fifteen (15) employees. (Id. at 1-2).  The Court rejected Defendant's challenge to the Court's subject matter jurisdiction because the ADA's numerical employee threshold is not a prerequisite to jurisdiction.  (Doc. #22 at 5).

On December 8, 2014, Plaintiff filed a Motion to Dismiss Without Prejudice Counts I and II of the Complaint.  (Doc. #27).  Although titled a motion to dismiss, Plaintiff actually seeks a dismissal of Counts I and II (disability discrimination) under Rule 41 of the Federal Rule of Civil Procedure.  Plaintiff concedes that Defendant employs less than fifteen (15) employees, and thus is not an employer under the ADA and FCRA.  (Id. at 1).  Although

the parties agree to dismiss Counts I and II, they disagree on doing so with or without prejudice.  Plaintiff wants to dismiss without prejudice, whereas Defendant wants to dismiss with prejudice.  (Id. at 2).

Also pending is Defendant's Motion for Summary Judgment.  (Doc. #28). Defendant's motion starts with Counts I and II given the parties inability to agree on whether to dismiss these claims with or without prejudice.  In addition, Defendant moves for summary judgment on Count III, the retaliatory discharge claim under Florida Statute § 440.205.

Against this backdrop, the Court will discuss Defendant's Motion for Summary Judgment.

## DISCUSSION

### A.  Legal standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and [she] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Similarly, an issue of fact is material if it may affect the outcome of the suit under governing law.  Id.

The moving party bears the burden of showing the absence of any genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In deciding whether the moving party has met this initial burden, courts must review the record and draw all reasonable inferences from the record in a light most favorable to the non-moving party.  See Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999).  Once the

court determines the moving party has met this burden, the burden shifts to the non-moving party to present facts showing a genuine issue of fact exists to preclude summary judgment.  See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).   "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial."  Demyan v. Sun Life Assurance Co. of Can., 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)).  Failure to show sufficient evidence of any essential element is fatal to the claim and the court should grant summary judgment.  See Celotex, 477 U.S. at 322-23.  Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied.  See Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992).

## B.  Counts I and II

Defendant argues it is entitled to judgment as a matter of law on Counts I and II because it is not a covered employer under the ADA and FCRA.  (Doc. #28 at 5).  The ADA defines an "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person[.]"  42 U.S.C. § 12111; see also Fla. Stat. § 760.02 (same).  Defendant's longtime president and manager, Lance M. Carney and Beverly Carney, respectively, affirm that Defendant employed no more than seven (7) employees at the time Plaintiff's claim arose.  (Doc. #28-1).  Plaintiff does not contest this point.  (Doc. #33 at 3; Doc. #27 at 1).  The Court, therefore, finds no material issue of fact in dispute that Defendant employed more than 15 employee at the time Plaintiff's claim arose.  Since the ADA and FCRA do not (and

cannot) cover Defendant for those claims, the Court grants summary judgment in favor of Defendant on Counts I and II of the Complaint.

## C. Count III

Next, Defendant moves for summary judgment on Count III, the retaliatory discharge claim under Florida Statute § 440.205. (Doc. #28 at 5). According to Defendant, Plaintiff waived his right to assert this claim because he signed a Settlement Agreement and Release (the "Agreement") in 2012, that released Defendant from "all workers' compensation and bodily injury claims arising from the workplace accident[.]" (Id.; Doc. #28-2).

Plaintiff opposes summary judgment. He argues that he signed the Agreement thinking he was only waiving the right to challenge the settlement amount that he received for his worker's compensation benefits. (Doc. #33 at 3). In other words, he allegedly did not know the Agreement's release language barred him from bringing other actions against Defendant such as the instant claim. (Id. at 3, 5). For that reason, Plaintiff avers a material issue of fact exists as to whether he intended to waive his right to bring the retaliatory discharge claim under Florida Statute § 440.205. (Id. at 4-6).

At this current juncture, the Court finds that Defendant's Motion for Summary Judgment is premature. It is well settled that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." Snook v. Trust Co. of Ga. Bank, 859 F.2d, 865, 870 (11th Cir. 1988); see also Blumel v. Mylander, 919 F. Supp. 423, 428 (M.D. Fla. 1996) (stating, "district courts should not grant summary judgment until the non-movant 'has had an adequate opportunity for discovery" (citations omitted)). Discovery in this case has barely begun, and the Court has not issued

a Case Management and Scheduling Order.  See Blumel, 919 F. Supp. at 423 (denying plaintiff's motion for summary judgment as 'blatantly premature" after finding that "there ha[d] been inadequate time for discovery"); see also Sanborn v. Jagen Pty. Ltd., No. 8:10-cv-142, 2010 WL 173076, at *3 (M.D. Fla. Apr. 28, 2010) (denying defendant's motion for summary judgment as premature where it was filed a week after it filed its answers and affirmative defenses).   Defendant even acknowledged that its Motion for Summary Judgment was premature at the Preliminary Pretrial Conference.  Since Plaintiff has not had a meaningful opportunity to develop the facts through discovery as to Count III, the Court denies Defendant's Motion for Summary Judgment.  Defendant, however, may file an amended motion for summary judgment on Count III after the parties have engaged in discovery.

Accordingly, it is now

**ORDERED:**

1.  Defendant Creative Glass Products, Inc.'s Motion for Summary Judgment (Doc. #28) is **GRANTED in part and DENIED in part**.  The Motion is granted as to Counts I and II of the Complaint, but it is denied as to Count III.

2.  Plaintiff Victor Aparicio's Motion to Dismiss Without Prejudice Counts I and II of the Complaint (Doc. #27) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of January, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

6